```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF OKLAHOMA

JUANITA J. GONZALES,            )
                                )
          Plaintiff,            )
                                )
v.                              )     Case No. CIV-16-345-RAW-KEW
                                )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social          )
Security Administration,        )
                                )
          Defendant.            )
```

## REPORT AND RECOMMENDATION

Plaintiff Juanita J. Gonzales (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on March 16, 1961 and was 54 years old at the time of the ALJ's decision. Claimant completed her education through the ninth grade. Claimant has worked in the past as a cashier and clerk/stocker. Claimant alleges an inability to work beginning January 1, 2009 due to limitations resulting from diabetes, carpal tunnel syndrome bilaterally, restless leg syndrome, neuropathy in her legs, depression, anxiety, bursitis and arthritis, clogged arteries in her neck and heart, high cholesterol,

hypertension, and breathing problems.

## Procedural History

On August 15, 2013, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On Feburary 19, 2015, Administrative Law Judge James Bentley ("ALJ") conducted a hearing by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma. On March 27, 2015, the ALJ issued an unfavorable decision. On July 11, 2016, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform less than a full range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) making an improper RFC determination; and (2) reaching erroneous findings at

step five.

## RFC Assessment

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes mellitus, peripheral neuropathy, carpal tunnel syndrome, obesity, dysthymia, anxiety disorder, and dependent personality traits. (Tr. 15). The ALJ concluded that Claimant retained the RFC to perform less than a full range of light work. (Tr. 20). In so doing, the ALJ determined Claimant could lift/carry 20 pounds occasionally, and ten pounds frequently; stand/walk about six hours in an eight hour workday; sit for about six hours in an eight hour workday; frequently but not constantly handle and finger bilaterally; required a sit/stand option, defined as a temporary change in position from sitting to standing and vice versa, with no more than one change in position every 20 minutes and without leaving the workstation so as not to diminish pace or production. Claimant was found to be able to understand, remember, and manage most simple and complex instructions and tasks. Claimant was able to only have occasional contact with co-workers, supervisors, and the general public. Id.

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of small product assembler, inspector packer, and office helper, all of which the ALJ

5

concluded existed in sufficient numbers both regionally and nationally. (Tr. 30). As a result, the ALJ found Claimant was not disabled since August 15, 2013, the date the application was filed. Id.

Claimant first challenges the ALJ's RFC findings, stating that her impairments limited her ability to engage in the activities which the ALJ included. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional

capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).

Claimant cites to the report of Dr. William Cooper to support further restriction. Dr. Cooper's narrative report, however, found Claimant's cervical, thoracolumbar and lumbosacral spines were all non-tender with full range of motion in all planes. No scoliosis, increased kyphosis, or increased lordosis was noted. Straight leg raising reflex was negative bilaterally in both sitting and supine positions. Claimant's gait was safe and stable with appropriate speed, she did not use an assistive device, did not limp, and was able to heel walk, toe walk, tandem walk, and squat without difficulty. (Tr. 310).

Dr. Ronald Schatzman found limited range of motion in the cervical spine and lumbar-sacral spine in his narrative report. The findings, however, were not supported in the OK-CE-3A form attached to the report. (Tr. 431-32).[2]

Moreover, the consultative reports of Drs. Burnard Pearce, Luther Woodcock, and Donald Baldwin found Claimant's conditions to be non-severe. (Tr. 64-65, 82-83, 84-86, 348, 350). They found the treatment record did not support Claimant's statements of functional limitations.

---

[2] Claimant refers the Court to page 433 in the transcript. No such page exists in the record.

Claimant identifies certain restrictions associated with her obesity such as shortness of breath and lack of energy or stamina. An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q)(combined effect with musculoskeletal impairments).

At step three, "a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a listing." Soc. Sec. R. 02-1p. "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id. "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. Id. However, speculation upon the effect of obesity is discouraged.[3] *See*, Fagan v. Astrue, 2007 WL 1895596, 2 (10th Cir.).

---

[3]2 "[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments." Soc. Sec. R. 02-01p.

The ALJ stated in his decision that he considered the combined effects of obesity upon other impairments under the requirements of Soc. Sec. R. 02-1p. The ALJ expressly stated that no abnormal findings on examination was solely attributable to Claimant's obesity and that no treating source had imposed functional limitations upon Claimant due to her obesity. He continued, however, to find Claimant's obesity to be a severe impairment but stated the degree of limitation due to the condition to be included in the RFC. (Tr. 17). This Court is required to take the ALJ at his word that he considered the condition, both singly and in combination with other conditoins, without speculating as to its effects.

Claimant contends she suffers from more significant manipulative limitations than included in the RFC. Claimant was diagnosed with carpal tunnel syndrome bilaterally. Dr. Cooper found Claimant could effectively oppose the thumb to the fingertips, manipulate small objects, and effectively grasp tools such as a hammer. (Tr. 313). He did not find further functional restrictions in Claimant's manipulative abilities. Id. Claimant does not refer the Court to any evidence in the record which would require a further restrictions than what was contained in the RFC.

Claimant also asserts that a requirement should have been

included in the RFC for elevation of Claimant's legs. No medical source found such a requirement was necessary - only counsel's assertion which is not medical evidence.

Claimant argues further mental limitations should have been included in the RFC. Dr. Beth Jeffries examined Claimant on January 21, 2012 and found she suffered from depression but was on medication which resulted in her not endorsing symptoms for a major mood disorder, thought disorder, or psychotic disorder. (Tr. 319). Dr. Jeffries concluded Claimant did not appear to have psychological, cognitive, or emotional deficits that would significantly interfere with her ability to perform occupationally. Id. This Court finds not significant mental limitations which were not accommodated by the ALJ's RFC findings.

Claimant contends the ALJ performed a faulty credibility analysis. The ALJ found Claimant's testimony of limitations were not fully credible due to "manifest discrepancies" between her allegations and the objective medical evidence. (Tr. 29). It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such,

10

will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements. The nature of Claimant's treatment, the objective medical testing, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

**Step Five Analysis**

Claimant contends the ALJ's hypothetical questioning of the vocational expert did not contain all of Claimant's limitations which should have been included in the RFC. As stated, the ALJ's RFC was supported by substantial evidence and further functional restrictions were not justified by the medical record. The ALJ's step five findings were supported.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of April, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE